Insurance Company — Real Property — Ownership Title 36 O.S. 1625 [36-1625] (1961), refers to personal property and securities. It does not apply to real property. There is no statutorily prescribed method by which an insurance company must divest itself of real property owned or held in contravention of law. However, there are statutory penalties on an insurance company for unlawfully owning or holding title to real property. Reference is made to your recent letter requesting answers to certain questions relative to 36 O.S. 1625 [36-1625] (1961). You ask: "(1) Does this section refer to only personal properties and securities? "(2) Does it in any way apply to real property? "(3) Is there any method by which an insurance company must divest itself of real property if it was acquired by non-voluntary means and if it could not have been legally acquired initially?" It is noted that the referenced Section 36 O.S. 1625 [36-1625] is captioned: "Time limit for disposal of other ineligible property and securities; penalty." The first sentence of the section refers to "Any personal property or securities lawfully acquired by an insurer, . . . ." On the other hand, the caption to Section 1624 reads: "Acquiring or holding real property." The balance of Section 1624 refers to and mentions real property and incidents thereof in each of its several subsections. It must be assumed, therefore, that the Legislature intended Section 36 O.S. 1624 [36-1624] to relate to real property, and Section 36 O.S. 1625 [36-1625] to relate solely to personal property and securities. It is, therefore, the opinion of the Attorney General that the answer to your Question No. I must be in the affirmative in that Section 36 O.S. 1625 [36-1625] refers only to personal property and securities, and that the answer to your Question No. 2 must be in the negative in that such said Section 1625 does not refer or apply to real property as such. Section 36 O.S. 1624 [36-1624] places certain limits upon the holding of title to real property by an insurance company. It does not specify the manner or method of acquisition or disposition, or the time within which title to such property must be divested. Article XXII, Section 2
Oklahoma Constitution, contains a provision prohibiting any corporation created or licensed in this state from acquiring title to real property outside the limits of an incorporated city or town in excess of the quantity of such property necessary and proper for carrying on the business for which such corporation was chartered or licensed. (See Attorney General's Opinion to Donald F. Dickey, Insurance Commissioner, dated April 21, 1952, copy herewith.) Title 18 O.S. 1.20 [18-1.20] (1961), provides that if any such corporation shall acquire title to such property in consequence of mortgage foreclosure or as an incident of collection of debt due the corporation, such corporation shall divest itself of such title within seven (7) years from the date of such acquisition. Title 18 O.S. 1.22 [18-1.22] (1961), provides that on or before the first day of April of each year, every corporation holding title to any real property in contravention of the foregoing shall file a statement in the Office of the County Clerk of each county in which any such real property shall be located. In such statement shall be set forth the legal description of each tract, piece or parcel of real estate so owned or acquired, the date of acquisition thereof, the amount of the last preceding assessed valuation thereof, and the purpose and method of its acquisition. Title 18 O.S. 1.23 [18-1.23] (1961), provides a schedule of penalties to be assessed against real property held beyond the seven (7) year period referred to above. Penalties may be collected under the provisions of Section 1.24 by the District Attorney of the county or counties in which such real property so owned and held is located. It is, therefore, the opinion of the Attorney General that your third question must be answered as follows: There is no statutorily prescribed method by which an insurance company must divest itself of real property owned or held in contravention of the provisions of 36 O.S. 1624 [36-1624] (1968), or of Article XXII, Section 2 Oklahoma Constitution, or of 18 O.S. 1.20 [18-1.20] — 18 O.S. 1.25 [18-1.25] (1961). However, there are three very important reasons why an insurer would want to divest itself of title to real property, acquired by non-voluntary means, if such property could not have been legally acquired initially. First, the penalties on the unlawful holding of real property by corporations, under the provisions of 18 O.S. 1.20 [18-1.20] — 18 O.S. 1.30 [18-1.30] (1961), amounting to 1% of the assessed valuation thereof, and increasing each year to a total of 6% for the 13th and subsequent years such property is unlawfully owned or held, can become a great financial burden. Secondly, any corporation failing to file a statement of real property unlawfully owned or held under the provisions of 18 O.S. 1.20 [18-1.20] — 18 O.S. 1.30 [18-1.30] (1961), is liable to a fine of not to exceed $ 1,000.00 under Section 18 O.S. 1.20 [18-1.20](b). Thirdly, 36 O.S. 1501 [36-1501] (1961), in part provides: "In any determination of the financial condition of an insurer, there shall be allowed as assets only such assets as are owned by the insurer and which shall consist of: "2. Investments, securities, properties and loans acquired and held in accordance with this code. . . ." The facts in your third question assume the real property in question "could not have been legally acquired initially" and so was not acquired nor held in accordance with the insurance code. Therefore, such real property may be deducted as an asset of the insurer at the discretion of the Insurance Commissioner and such deduction could amount to an impairment of capital in any determination of the financial condition of the insurer. (Carl G. Engling)